RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE 9-17-07

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| CAMERON MURRAY SCOTT | CIVIL ACTION NO.07-738 |
| VERSUS | JUDGE MELANÇON |
| LORI ANN COOKE SCOTT | MAGISTRATE JUDGE METHVIN |

## JUDGMENT

Before the Court is defendant's Brief in Opposition to Dismissal [Rec. Doc. 17] and plaintiff's Memorandum in Support of Dismissal [Rec. Doc. 21]. Upon review of the parties' briefs and the record before the Court, in particular the record of the proceeding conducted before the Honorable Lilynn Cutrer, District Judge, Fourteenth Judicial District Court, in and for the Parish of Calcasieu, State of Louisiana, it is clear that Judge Cutrer considered and denied plaintiff's claim under the *Hague Convention on the Civil Aspects of International Child Abduction*. In his brief, plaintiff's counsel maintains that this ruling is currently on appeal in the Third Circuit Court of Appeal for the State of Louisiana. The Court does not express any opinion as to whether the *Hague Convention* claim was **properly** before the state court, but notes that state courts enjoy concurrent jurisdiction with the federal courts in deciding matters under the *Hague Convention*.[1]

As the federal action involves the same parties and the same legal and factual claims currently before the state court, pending resolution of the state court proceeding, this Court will abstain in this matter pursuant to *Colorado River Water Conservation*

---

[1] 42 U.S.C. §11603(a).

*District v. United States*, 424 U.S. 800 (1976).[2] Accordingly, for the reasons stated above and at the August 13, 2007 status conference, it is

**ORDERED** that this matter is **DISMISSED WITHOUT PREJUDICE** pending resolution of the pending state court proceedings.

**THUS DONE AND SIGNED** this 17th day of September, 2007 at Lafayette, Louisiana.

Tucker L. Melançon
United States District Judge

---

[2] The Court notes that each of the 6 *Colorado River* factors in this case points to abstention. *See Stewart v. Western Heritage Ins. Co.*, 438 F.3d 488, 491 (5th Cir. 2006) (*citing Colorado River Water Conservation District v. United States,* 424 U.S. 800, 818). Specifically, the state court assumed control over the *res* by deciding the merits of plaintiff's *Hague Convention* claim; the state court is as convenient a forum as the federal court in this matter; a decision on this claim by the federal court would result in piecemeal litigation as all of the claims have already been decided by the state court; the state court obtained jurisdiction in this matter prior to the filing of the federal action; the state court enjoys concurrent jurisdiction with the federal court over the *Hague Convention* claims; and the state court proceedings provide the same protections and rights as the federal forum. *Stewart v. Western Heritage Ins. Co.*, 438 F.3d 488, 491 (5th Cir. 2006) (*citing Colorado River Water Conservation District v. United States,* 424 U.S. 800, 818).